## W. C. WHITAKER & Co. *v.* ELIJAH ALNUT & Co.

**Appeals and Errors—Order Omitted From Original Record May Be Filed in Open Court.**

Where an order has been omitted in the original record it may be filed in open court, and there can be no objection to its being read as a part of the record.

**Deposition—Courts of Chancery—Depositions Taken in One Cause Read in Another—Parties and Issue Must Be Same.**

In courts of chancery the depositions of witnesses taken in one cause are frequently read as evidence in another, where the parties are the same. But they are never admissible as evidence even between the same parties, unless the same matters were in issue in the former cause that are involved in the subsequent one.

APPEAL FROM HENRY CIRCUIT COURT.

February 7, 1872.

OPINION BY JUDGE PETERS:

The copy of the order for the change of venue in the case, omitted in the original record was filed in open court and there can be no available objection to its being read as a part of the record.

The deposition of Whitaker offered as evidence by appellants was taken to be read as evidence in a suit as appears of Joseph Fibb against Micajah Bibb's personal representative, in which the right to Whitaker's note, and others, with other property. was involved—what constituted the consideration of the note now in question was not an issue in that case—and Whitaker was called on to prove what he had heard Micajah Fibb say on the subject of the ownership of the note and what he knew on that subject—and the consideration of the note was as it seems entirely foreign to the issue and it appears to have been set forth without having been called for, and was irrelevant, and might have been excluded as such. That being the case even if so much of the deposition as applied to the issue between the parties to the suit might under certain circumstances be read as evidence in a controversy between Whitaker and the party calling him to testify (a question we do not deem necessary in this case to decide). We cannot hesitate to conclude that facts stated by the witness not pertinent to the issue, and irrelevant, cannot be admitted as evidence for the party making such statements in a controversy between himself and the heirs, or representatives of the party who called him to testify.

In courts of chancery the depositions of witnesses taken in one cause are frequently read as evidence in another—where the parties are the same. But they are never admissible as evidence even between the same parties, unless the same matters were in issue in the former cause that are involved in the subsequent one. 1 Vol. Stark on Evidence, 266-7.

The evidence, therefore, was incompetent, and as the defense was not made out after the deposition of Whitaker was rejected, the conclusion of the Circuit Court was correct.

Wherefore the judgment is *affirmed*.

The Chief Justice not sitting.

*Walker, for Appellant.*

*Hornwood, for Appellee.*